**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ULBRICH STAINLESS STEELS, INC., Respondent.**

No. 412, Docket 31827.

United States Court of Appeals
Second Circuit.

Argued April 25, 1968.

Decided May 6, 1968.

Frank H. Itkin, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Ian D. Lanoff, Attorney, N. L. R. B., on the brief), for petitioner.

Sidney A. Coven, Boston, Mass. (Lepie & Coven, Boston, Mass., on the brief), for respondent.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of an order which it entered after finding that respondent had coercively interrogated its employees and threatened reprisals against them in violation of Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), and had discharged three employees in violation of Sections 8(a) (1) and 8(a) (3), 29 U.S.C. §§ 158(a) (1) and (3), for engaging in union activity. Respondent resists enforcement of only those portions of the order relating to the discharges of the three employees, Andrew Mezzi, Arthur Arnold, and Lawrence Tremaglio. We find substantial evidence to support the Board's determinations, and we enforce the order in full.

Respondent urges that the employees were properly discharged because of poor attendance records and the like. The issue before the Board, however, was "not whether there existed a valid ground for discharge, but whether the stated ground was the real one." J. P. Stevens & Co. v. NLRB, 380 F.2d 292, 300 (2d Cir. 1967). And there was ample evidence from which the Board could conclude that the real reason that Mezzi, Arnold and Tremaglio were discharged was that they had engaged in union organizing activity.

Respondent's supervisory personnel boasted of these discharges in conversations with other employees. Vice President Richard Ulbrich and Superintendent Frank Riccardi told employee William Butler that "they had already caught the head man behind the Union," they had "gotten rid of * * * Andrew Mezzi." After questioning him about union activity, Ulbrich made a similar statement to employee Samuel McConnell. He also told McConnell that he had "fired Arnold and Tremaglio" and that they would "never step foot in the plant again." Perhaps, as respondent argues, these statements are capable of innocent interpretation. However, they must be read in the light of the findings of coercive interrogation and threats of reprisal and the other evidence in the record of management's animus toward the union. Under these circumstances it was certainly open to the Board to conclude that these statements constituted admissions that the employees in question had been discharged for union activity.

Petition for enforcement granted.